## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7011 | **DATE** | February 6, 2008 |
| **CASE TITLE** | U.S. ex rel. Shauncey Jackson (#R-82054) vs. United States of America | | |

**DOCKET ENTRY TEXT:**

The petitioner is granted thirty days in which to: (1) either pay the $5.00 statutory filing fee or submit an application for leave to proceed *in forma pauperis*; and (2) show good cause in writing why the habeas petition should not be stayed or dismissed without prejudice for failure of the petitioner to exhaust administrative remedies prior to seeking habeas relief. The clerk is directed to send the petitioner an *in forma pauperis* application along with a copy of this order. Failure of the petitioner to comply with this order within thirty days will result in summary dismissal of this case, without prejudice.

■ [**For further details see text below.**]                                                                  Docketing to mail notices.

### STATEMENT

Shauncey Jackson, currently a state prisoner, has filed a *pro se* petition for a writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2254. The petitioner challenges a federal detainer that has been lodged against her.

The petitioner was apparently on parole for a federal bank robbery conviction, *see United States of America v. Jackson*, Case No. 99 CR 0261 (N.D. Ill), when she committed a crime under state law. The petitioner is now serving time in the state prison system for criminal damage to property. Evidently as a result of the state offense, the federal sentencing judge (Judge Shadur) found that the petitioner was in violation of the conditions of her supervised release for the earlier, federal sentence. Judge Shadur accordingly sentenced the petitioner to serve seven months in the federal penitentiary.

The court concludes that the petitioner is actually seeking relief under 28 U.S.C. § 2241, notwithstanding the Section 2254 caption. The petitioner is not challenging either her state or federal conviction in this action; rather, she contests the federal detainer that has been lodged against her. The petitioner contends that the state and federal sentences should run concurrently rather than consecutively, and that the term of her state custody will exceed the federal sentence.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Although the clerk has accepted the *pro se* petition for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, the petitioner has neither paid the $5.00 filing fee nor filed a petition for leave to proceed *in forma pauperis*. If the petitioner wishes to proceed with this action, she must either pay the $5.00 filing fee or, in the alternative, file an *in forma pauperis* application complete with a certificate from a prison official stating the amount on deposit in the prisoner's trust account. The clerk will provide the petitioner with an *in forma pauperis* application. If the petitioner fails to pay the filing fee or file a fully completed *in forma pauperis* application within thirty days, the court will dismiss this action.

As an additional concern, the petitioner is ordered to show good cause in writing why this suit should not be stayed or dismissed for failure to exhaust administrative remedies prior to seeking relief in federal court. As noted *supra*, the petitioner seeks to have time already spent in state custody to be credited against her federal sentence. Requests for sentence credit, or for recalculation of time yet to serve, must be presented to the Attorney General (or his delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits). *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) (citations omitted). In the case at bar, there is no indication that the petitioner applied to the Attorney General or to the Bureau of Prisons to have her state sentence credited toward her federal sentence. It would thus appear that the petitioner has commenced this suit prematurely.

It should also be noted that the petitioner filed a motion to vacate or set aside her federal sentence pursuant to 28 U.S.C. § 2255 the same day she initiated this habeas action, *see United States v. Jackson*, Case No. 07 C 7010 (N.D. Ill.). In her Section 2255 motion, the petitioner made the same request–i.e., that the federal and state cases run concurrently. The sentencing judge, however, denied the Section 2255 motion, ruling, "With sentence having thus been pronounced, the execution of the sentence is within the province of the Bureau of Prisons." Memorandum Order dated Dec. 19, 2007, at p. 2 (Shadur, J.). Judge Shadur has confirmed that the petitioner must seek relief through the Bureau of Prisons.

In short, the petitioner must ask the Bureau of Prisons to consider her request that the two sentences run concurrently. The Attorney General, through the BOP, has discretion to decide whether the petitioner's later-imposed federal sentence should run concurrently or consecutively to her state sentence. *Romandine, supra*, 206 F.3d at 736; 18 U.S.C.§ 3584(a).

For the foregoing reasons, the petitioner is granted thirty days in which to: (1) either pay the $5.00 statutory filing fee or submit an application for leave to proceed *in forma pauperis*; and (2) show good cause in writing why the habeas petition should not be stayed or dismissed for failure of the petitioner to exhaust administrative remedies prior to seeking habeas relief. Failure of the petitioner to comply with this order within thirty days will result in summary dismissal of this case, without prejudice to refiling suit after exhausting administrative remedies.