## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7011 | **DATE** | April 16, 2008 |
| **CASE TITLE** | U.S. ex rel. Shauncey Jackson (#R-82054) vs. United States of America | | |

**DOCKET ENTRY TEXT:**

The petition and amended petition are dismissed for failure of the petitioner to exhaust administrative remedies prior to seeking habeas relief. The case is terminated. Dismissal is without prejudice to re-filing suit after exhausting administrative remedies.

■ [**For further details see text below.**]   Docketing to mail notices.

### STATEMENT

Shauncey Jackson, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus presumably pursuant to 28 U.S.C. § 2241. The petitioner was convicted in this court of committing a bank robbery, *see United States of America v. Jackson*, Case No. 99 CR 0261 (N.D. Ill); in apparently related charges, the petitioner was also convicted in state court of criminal damage to property. The petitioner does not challenge either conviction in this action; rather, she contests a federal detainer that has been lodged against her. The petitioner contends that the state and federal sentences should run concurrently rather than consecutively, and that the term of her state custody will exceed the federal sentence.

By Minute Order of February 6, 2008, the court directed the petitioner to: (1) either pay the $5.00 statutory filing fee or submit an application for leave to proceed *in forma pauperis*; and (2) show good cause in writing why the habeas petition should not be stayed or dismissed without prejudice for failure of the petitioner to exhaust administrative remedies prior to seeking habeas relief. The court dismissed the case on March 24, 2008, in light of the petitioner's failure to comply or otherwise respond.

The petitioner has now, belatedly, paid the statutory filing fee as directed; in response to the show cause order, she contends that "Bureau of Prisons Administrative Remedies are not available to Illinois Department of Corrections Inmates." However, the court remains satisfied that it cannot entertain the petitioner's request to quash the detainer.

**(CONTINUED)**

mjm

**STATEMENT  (continued)**

The petitioner cites no authority for her assertion that she cannot avail herself of administrative remedies, and case law does not support her position.  The U.S. Court of Appeals for this circuit has specifically held that requests for sentence credit, or for recalculation of time yet to serve, must be presented to the Attorney General (or his delegate, the Bureau of Prisons).  *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) (citations omitted).  "No one can know whether administrative requests will be futile; the only way to find out is to try."*Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (context of PLRA exhaustion).  Unless and until the petitioner can show that she attempted to seek credit for time served in state court from the Attorney General, the court cannot consider her claims.

The court is particularly reluctant to entertain a request for collateral relief that the sentencing judge himself denied.  Concurrently with this action, the petitioner filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  *United States v. Jackson*, Case No. 07 C 7010 (N.D. Ill.).  Judge Shadur of this court denied the petitioner's motion by Memorandum Order entered December 19, 2007.  Judge Shadur specifically ruled: "With sentence having been thus pronounced, the execution of the sentence is within the province of the Bureau of Prisons."  Memorandum Order at p. 2; *see also* Minute Entry dated December 19, 2007.  The petitioner must therefore apply to the Attorney General or to the Bureau of Prisons to have her state sentence credited toward her federal sentence.  *See* 18 U.S.C. § 3585(a); *Bintzler v. Gonzales*, No. 00 C 1309, 2006 WL 1431491, at *6 (E.D. Wis. May 24, 2006).

For the foregoing reasons, the petition is summarily dismissed on preliminary review for failure of the petitioner to exhaust administrative remedies prior to seeking habeas relief.  Dismissal is without prejudice to refiling suit after exhausting administrative remedies.  [The court discerns no reason to stay rather than dismiss, as timeliness does not appear to be an issue with regard to the execution of the sentence.]